IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIND BOUCHLAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:23-CV-01280-K |
| | § | |
| PROFESSIONAL AUTOMOTIVE | § | |
| RELOCATION SERVICES, INC. and | § | |
| PARS BH, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Professional Automotive Relocation Services, Inc. ("PARS") and PARS BH, Inc.'s ("PARS BH") Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss") and Brief in support thereof, Doc. Nos. 19–20, Plaintiff Hind Bouchlal's Response to Defendants' Rule 12(b)(6) Motion to Dismiss, Doc. No. 25, Defendants' Reply Memorandum in Support of Their Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, Doc. No. 26, Ms. Bouchlal's Motion to Amend Complaint and Supporting Brief (the "Motion for Leave to Amend"), Doc. No. 24, Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Amend Complaint, Doc. No. 27, and Ms. Bouchlal's Reply in Support of Her Motion to Amend Complaint. Doc. No. 29.

Upon consideration of the parties' submissions, the Court **GRANTS** Defendants' Motion to Dismiss, **DENIES** Ms. Bouchlal's Motion for Leave to Amend

1

her complaint, and **DISMISSES** Ms. Bouchlal's claims with prejudice in their entirety. This is an unfortunate case in which allegations of wrongdoing must go unaddressed because Ms. Bouchlal failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Ms. Bouchlal admits that she filed a charge too late, but asserts that circumstances outside her control prevented an earlier filing and tolled the deadline. She says that the EEOC stopped hosting in-person visits during the COVID-19 pandemic and that hackers prevented her from accessing the EEOC's online portal. Because Ms. Bouchlal's allegations do not show that she was unable to file her charge with the EEOC by means other than in-person or online communication or that anyone misled her about the charge-filing process, the Court cannot accept her tolling argument. It must dismiss her untimely claims.

The origin of this case lies at the end of 2020, when Hind Bouchlal, a resident of Dallas County, sought employment with PARS, a company that provides logistics services to other firms. Doc. No. 1 ¶¶ 1, 7–12. One of the services it offers is sending drivers to pick up vehicles, inspect or repair them if necessary, and drive them to new locations. *Id.* ¶ 7.

PARS hired Ms. Bouchlal as a driver. *Id.* ¶ 12. She then began to notice differences in the way PARS treated her and the way it treated her male colleagues. *Id.* ¶¶ 12–31. While PARS told male drivers what they would get paid for a drive before they took it, PARS allegedly concealed the same information from Ms. Bouchlal. *Id.* ¶ 14. Ms. Bouchlal says she eventually learned that PARS was exploiting this

2

information gap by paying her lower rates for her drives. *Id.* She allegedly also learned that PARS was reimbursing male drivers for time and expenses for which they were not reimbursing her. *Id.* ¶¶ 15–17. On multiple occasions, PARS allegedly changed the length or other terms of Ms. Bouchlal's drives after she accepted them but would not compensate her for the changes even though it compensated male drivers in similar situations. *Id.* ¶¶ 20–23.

In addition to this unequal treatment, Ms. Bouchlal complains of a variety of other allegedly discriminatory conduct by PARS. Among other things, she states that her supervisor directed verbal abuse to her but not to any of the male drivers whom she asked about his behavior and that a human resources employee tried to avoid accepting an email report from her explaining that she was the victim of a sexual assault committed by a third party during a drive for PARS. *Id.* ¶¶ 25–30.

PARS terminated Ms. Bouchlal in April 2021, shortly after her attempted report. *See id.*; Doc. No. 24-1 ¶ 32; Doc. No. 25 at 3. In a proposed amended complaint, she describes what happened next. Doc. No. 24-1. She contacted the EEOC through its online portal in July to complain about PARS and its New York affiliate, PARS BH, whom she describes as her "joint or co-employer[]." Doc. No. 1 ¶ 11; Doc. No. 24-1 ¶ 32. In the fall of 2021, she spoke to an EEOC investigator three times. Doc. No. 24-1 ¶¶ 33–34. At this point, Ms. Bouchlal believed she had done what she needed to do to file a charge of discrimination with the agency. *Id.* ¶ 34.

Ms. Bouchlal called the EEOC investigator repeatedly in 2022 to obtain updates on her inquiry but got no response. *Id.* She says she could no longer check the EEOC's online portal for updates because hackers stole her identity, changed her portal password, and took control of the phone she used to approve log-in requests pursuant to the EEOC's two-step authentication procedure. *Id.* ¶¶ 33–34. She also says that visiting the EEOC's offices was not an option because they were closed to visitors as a result of the COVID-19 pandemic. *Id.* ¶ 32. Evidence submitted by PARS and PARS BH indicates that the EEOC closed Ms. Bouchlal's online inquiry on December 23, 2021 because Ms. Bouchlal stopped communicating with the agency. Doc. No. 20-2 at 4.

Around January 2023, after the EEOC's offices reopened to visitors, Ms. Bouchlal arranged an in-person visit and learned that she needed to sign a charge of discrimination. *See* Doc. No. 24-1 ¶ 35. She signed one on March 6, 2023. *Id.*

Three months later, Ms. Bouchlal filed a complaint in this Court under Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc. No. 1. She alleged that PARS and PARS BH sexually harassed her and retaliated against her for attempting to report her sexual assault. *Id.* ¶¶ 32–38. PARS and PARS BH moved to dismiss the claims against them because Ms. Bouchlal did not timely file her charge of discrimination. Doc. No. 19. Ms. Bouchlal conceded that her filing was facially untimely, and, although the time for amending pleadings had expired, she moved for leave to amend her complaint to allege a basis for equitably tolling the filing deadline. Doc. No. 25 at 2; Doc. No. 24.

The Court agrees with the parties that Ms. Bouchlal's claims are barred unless some circumstance tolled her charge-filing deadline.  A Texas plaintiff may not pursue a Title VII sex discrimination claim unless she exhausts her administrative remedies by filing a charge of discrimination within three hundred days of the alleged discrimination.  *Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 117 (5th Cir. 2005); 42 U.S.C.S. § 2000e-5(e); *see also Griffin v. City of Dallas*, 26 F.3d 610, 612–13 (5th Cir. 1994).  Ms. Bouchlal acknowledges that she submitted her charge more than three hundred days after Defendants ended any discrimination against her by terminating her.  Doc. No. 25 at 3.  Since her operative complaint contains no allegations supporting an extension of the three hundred day filing period, the Court dismisses her claims for failure to exhaust administrative remedies.

The parties' real dispute centers on Ms. Bouchlal's motion to amend to her complaint to add allegations that purportedly explain why principles of equitable tolling require an extension of the filing period.  Doc. No. 24 at 3.  Because the motion comes after the Court's deadline for amending pleadings, the Court would ordinarily review it under a two-step procedure.  Doc. No. 17 at 2.  First, the Court would ask whether there is good cause to modify its scheduling order under Federal Rule of Civil Procedure 16(b), which would require Ms. Bouchlal to show that she could not reasonably meet the amendment deadline despite the exercise of diligence.  *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021).  Second, the Court would ask whether the proposed amendments were appropriate under Federal Rule of Civil

Procedure 15(a), which permits the amendment of pleadings in the absence of a substantial reason for denying amendment. *Id.*; *Mandujano v. City of Pharr*, 786 F. App'x 434, 438 (5th Cir. 2019) (per curiam). The Court concludes that Ms. Bouchlal's amendment motion cannot succeed at the second step, so it does not consider the first.

The Court denies Ms. Bouchlal's proposed amendments under Rule 15(a) because her failure to exhaust her administrative remedies remains fatal to her claims even if her amended allegations are true. *See Jones v. Univ. of Texas Sw. Med. Ctr.*, 2023 WL 2920842, at *6 (N.D. Tex. Apr. 12, 2023) (Boyle, J.). Although Ms. Bouchlal asks for equitable tolling of her deadline to file a charge of discrimination, none of the amended allegations describe the sort of extraordinary circumstances that equitable tolling requires. *DeLeon v. Gen. Insulation, Inc.*, 575 F. App'x 292, 293 (5th Cir. 2014) (per curiam). Ms. Bouchlal's allegations recount her interviews with and calls to an EEOC investigator, her mistaken belief that she did what she needed to do to file a timely charge, and her difficulties communicating with the EEOC after its offices stopped accepting visitors and hackers prevented her from accessing the EEOC's online portal. Doc. No. 29 at 7. While these facts may show that Ms. Bouchlal made a good faith error about what she needed to file with the EEOC and how she could file it, they do not show that there was any obstacle preventing her from timely filing her charge.

The root cause of Ms. Bouchlal's delay in submitting her charge appears to be a simple mistake of law, which is not a proper basis for equitable tolling. After having preliminary conversations with an EEOC investigator, Ms. Bouchlal wrongly assumed

6

that she did not need to do more to file a charge of discrimination. Doc. No. 24-1 ¶ 34. This led her to spend about fourteen months trying call the investigator for status updates rather than filing a charge. *Id.* The Court cannot write off all this time through equitable tolling of the filing period. Unless the EEOC (or perhaps the defendant) induced the mistake, a plaintiff who errs in her analysis of Title VII is still bound by its deadlines. *Hull v. Emerson Motors/Nidec*, 532 F. App'x 586, 588–89 (5th Cir. 2013) (per curiam); *Tillison v. Trinity Valley Elec. Coop., Inc.*, 204 F. App'x 346, 348 (5th Cir. 2006) (per curiam); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (reaching the same result under the ADEA); *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1303 (5th Cir. 1979) (holding that plaintiff could not rely on the assurances of a Texas Employment Commission employee). Ms. Bouchlal does not allege that the EEOC or anyone else led her into her error, so she must bear its consequences. Doc. No. 24-1 ¶ 34.

Ms. Bouchlal contends that extraordinary circumstances would have limited her ability to file a charge even if she realized she had not filed one, but her allegations show no serious impediment to filing. Doc. No. 29 at 6–7. Her argument rests on her assertions that the EEOC stopped welcoming in-person visitors during the COVID-19 pandemic and that she could not access her EEOC portal due to third-party hacking of her electronic devices and accounts. Doc. No. 24-1 ¶¶ 32–35. This might well have prevented her from filing a charge in person or online. It nonetheless leaves open the possibility that Ms. Bouchlal could have filed a charge by other means.

7

EEOC rules state that a "charge may be made . . . by facsimile, or by mail," as alternatives to filing in person or online. 29 C.F.R. § 1601.8. The EEOC added the "facsimile" language during the pandemic and left the "mail" language intact. *See* Procedural Regulations Under Title VII, ADA, and GINA, 85 Fed. Reg. 65,214 (Oct. 15, 2020) (codified at 29 C.F.R. § 1601.8). At least two courts have refused to extend the deadline for filing a charge of discrimination where a plaintiff proved capable of filing his charge by facsimile during the COVID-19 pandemic. *See Bruce v. Stonemor Partners L.P.*, 2021 WL 2949780, at *4 (D. Md. July 14, 2021) (denying equitable tolling of Title VII deadline); *HavMmeri v. Methodist Health Sys. of Dallas*, 2023 WL 4712206, at *6–7 (N.D. Tex. June 16, 2023) (Rutherford, M.J.) (denying equitable tolling and Rule 6 extension of state law deadline where plaintiff filed through the EEOC), *rep. & rec. adopted*, 2023 WL 4707998 (N.D. Tex. July 24, 2023) (Brown, J.).

The Court concludes that Ms. Bouchlal's allegations stop short of showing that external circumstances prevented her from filing a timely charge by facsimile or mail and therefore fail to support equitable tolling of her charge-filing deadline. Courts routinely deny equitable tolling of filing deadlines when the plaintiff's preferred filing methods become inconvenient or unusable but other methods remain available. *E.g.*, *Wilson v. Sec'y, Dep't of Veterans Affs.*, 65 F.3d 402, 405 (5th Cir. 1995) (per curiam), *as amended on denial of reh'g* (Nov. 1, 1995) (plaintiff could have filed appeal through attorney rather than overseas mail); *Vaughans v. Delta Health Grp., Inc.*, 180 F.3d 264, 1999 WL 310375, at *1 (5th Cir. 1999) (per curiam) (plaintiff could have filed charge

8

by mail rather than in person); *Pugh-Perry v. New York City Hum. Res. Admin.*, 2009 WL 10706512, at *4 (E.D.N.Y. Mar. 19, 2009) (plaintiff could have handwritten complaint using forms in clerk's office rather than filing online), *rep. & rec. adopted*, No. 07-cv-04050 (E.D.N.Y. June 2, 2009), *aff'd in relevant part*, 402 F. App'x 588, 589 (2d Cir. 2010) (per curiam); *Robinson v. Dep't of Homeland Sec. Off. of Inspector Gen.*, 71 F.4th 51, 59 (D.C. Cir. 2023) (plaintiff could have filed complaint in person or electronically rather than by mail); *Coleman v. New York City Dep't of Health & Mental Hygiene*, 2022 WL 704304, at *3 (S.D.N.Y. Mar. 9, 2022) (plaintiff could have filed charge online rather than in person). When Ms. Bouchlal could no longer visit EEOC offices or access the EEOC's online portal, she should have filed her charge of discrimination by mail, facsimile, or, if possible, another viable method. *See Milner v. City of Montgomery*, 2021 WL 218728, at *3–4 (M.D. Ala. Jan. 21, 2021) (despite possible mistake of law, plaintiff should have filed his charge by mail when he could no longer file with the EEOC online).

Because Ms. Bouchlal did not properly exhaust her administrative remedies and because her proposed amendments to her pleading do not provide a basis for tolling her deadline to do so, the Court **GRANTS** Defendants' Motion to Dismiss her claims,

**DENIES** Ms. Bouchlal's Motion for Leave to Amend her complaint as futile, and **DISMISSES** her claims with prejudice. A final judgment will issue separately.

    **SO ORDERED.**

Signed March 25th, 2024.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

10